<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DANIEL RISIS,<br><br>      Plaintiff,<br><br>v.<br><br>U.S. TRUSTEE DEPARTMENT, *et al.*,<br><br>      Defendants. | Case No. 2:24-cv-7922 (BRM) (CF)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

  Before the Court are three motions. Defendant the Honorable Joseph V. Isabella, J.S.C. (Ret.) ("Judge Isabella") moves to dismiss ("Judge Isabella Motion to Dismiss") Plaintiff Daniel Risis's ("Risis") Amended Complaint (ECF No. 50) for lack of jurisdiction in accordance with this Court's April 30, 2025, Order and Opinion, for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6), as well as under the *Rooker-Feldman* Doctrine, the litigation privilege, res judicata, and collateral estoppel (ECF No. 51). Defendant Richard Trenk ("Trenk") moves to dismiss ("Trenk Motion to Dismiss") the Amended Complaint for violating a final order of the Bankruptcy Court ("Bankruptcy Court Order") expressly denying Risis authority to commence litigation, or, alternatively, under the doctrines of claim and issue preclusion, or for failure to state a claim pursuant to Rule 12(b)(6). (ECF No. 53.) Defendants Anthony Sodono, III ("Sodono"), Donald Biase ("Biase"), and Brian Boms ("Boms") move to join the Trenk Motion to Dismiss. (ECF No. 54.)[1] Risis filed an Omnibus Brief in Opposition ("Opposition") to Moving

---

[1] Two additional motions to dismiss were recently filed—several months after the Judge Isabella Motion to Dismiss and Trenk Motion to Dismiss were set to be heard: Defendants West Orange Chief of Police James Abbott and West Orange Mayor Susan McCarthy filed a Motion to Dismiss

1

Defendants' Motions to Dismiss. (ECF No. 55.) Trenk filed a letter brief in reply. (ECF No. 56.)

Having reviewed and considered the parties' submissions filed in connection with the Motions and having declined to hold oral argument pursuant to Rule 78(b), for the reasons set forth below and for good cause having been shown, Moving Defendants' Motions to Dismiss are **GRANTED**, and the Amended Complaint is **DISMISSED** without prejudice and with leave to amend consistent with the guidance in this Opinion.

## I.   BACKGROUND

For purposes of these Motions, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to the plaintiff. *See Philips v. Cnty. of Alleghany*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citation omitted).

Given Risis is proceeding *pro se*, the Court attempts to glean his factual allegations and legal claims through liberal construction of his pleading. *See Alexander v. Gennarini*, 144 F. App'x

---

("Township Motion to Dismiss") (ECF No. 62) on November 26, 2025, and Defendant Chris Gengaro filed a Motion to Dismiss ("Gengaro Motion to Dismiss") (ECF No. 63) on December 4, 2025. The Township Motion to Dismiss was accompanied by a Certification of Counsel "request[ing] that the Court accept [the Township Motion to Dismiss] *nunc pro tunc*, in lieu of a formal motion to extend time to answer." (ECF No. 62-1 ¶ 8.) However, for the reasons set forth in this Opinion, the Court is dismissing the Amended Complaint as to all Defendants. Therefore, without making any determination as to the merits or timeliness of the Township Motion to Dismiss or Gengaro Motion to Dismiss, the Court **DENIES** same as moot.

For purposes of this Opinion, Defendants Abbott, McCarthy, and Gengaro are referred to collectively as "Non-Moving Defendants." Judge Isabella, Trenk, Sodono, Biase, and Boms are referred to collectively as the "Moving Defendants." *See Risis v. Risis*, Civ. A. No. 23-3429, 2025 WL 3123931, at *1, *1 n.2 (D.N.J. Nov. 7, 2025) (categorizing defendants into "Moving Defendants" and "Non-moving Defendants" in addressing motion to dismiss Plaintiff Risis's amended complaint). Together, Moving Defendants and Non-Moving Defendants are referred to as "Defendants."

924, 926 (3d Cir. 2005); *Cooke v. Experian Info. Sols., Inc.*, Civ. A. No. 22-05375, 2024 WL 1142214, at *2 (D.N.J. Mar. 15, 2024) ("When considering a motion to dismiss the complaint of a *pro se* litigant, courts must bear in mind that such pleadings are held to less stringent standards than more formal pleadings drafted by lawyers." (emphasis added)); *Huff v. Atl. Cnty. Just. Facility*, Civ. A. No. 20 9761, 2021 WL 307303, at *2 (D.N.J. Jan. 29, 2021) ("Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." (emphasis added)).

As the factual and procedural backgrounds of this matter are well-known to the parties, the Court incorporates the extensive factual and procedural history section in its April 30, 2025, Opinion (ECF No. 48 at 2–8)[2] for purposes of judicial economy and will address only the facts pertinent to this Opinion. Risis alleges a conspiracy and fraud scheme by Defendants stemming from a bankruptcy proceeding. (*Id.* at 3; *see generally* ECF No. 50.) He asserts Defendants "participated in a wide-ranging conspiracy to deprive him of constitutional rights, defraud him of over $31 million in property and business assets, orchestrate illegal evictions and arrests, and suppress all legal efforts to expose and correct these wrongs." (ECF No. 50 at 1.) On April 30, 2025, this Court granted the Defendants' motions to dismiss Risis's Complaint and dismissed the Complaint without prejudice. (ECF No. 48.) Risis filed the Amended Complaint on May 26, 2025. (ECF No. 50.)

Judge Isabella moved to dismiss the Amended Complaint on June 6, 2025. (ECF No. 51.) Trenk moved to dismiss the Amended Complaint on June 13, 2025. (ECF No. 53.) On June 16, 2025, Sodono, Biase and Boms moved to join the Trenk Motion to Dismiss. (ECF No. 54.) The

---

[2] (*See* ECF No. 51-1 at 2 ("[T]he Court's [April 30, 2025] Opinion dismissing this matter set forth an extensive factual background and procedural history.").)

Court reads the motions as arguing Risis fails to sufficiently plead the first two elements of Rule 8(a); namely, Risis does not show jurisdictional grounds to justify review and fails to include sufficient statements of the claims plausibly showing he is entitled to relief. (*See* ECF No. 51-1 at 4, 8–14; ECF No. 53-1 at 26–28, 34–39.) Risis filed his Opposition to Moving Defendants' Motions to Dismiss on June 16, 2025. (ECF No. 55.) Trenk filed a letter brief in reply on June 30, 2025. (ECF No. 56.)

## II.  LEGAL STANDARD

### A.  Rule 8(a)

Under Rule 8(a), a complaint "must contain: (1) a short and plain statement of the ground for the court's jurisdiction . . . [;] (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" The purpose of a complaint is to put the adverse party on notice of the claims against them and inform the court of the nature of the claims, any defenses being asserted, and the relief requested. *See United States ex rel. FLFMC, LLC v. TFH Publ'ns, Inc.*, 855 F. Supp. 2d 300, 304 (D.N.J. 2012). The Supreme Court has explained "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), entails pleading sufficient factual matter that would "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, "a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### B.  Rule 12(b)(1)

"When a motion under Rule 12 is based on more than one ground, the court should consider

the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am., N.A.*, Civ. A. No. 12-3922, 2013 WL 1163483, at *1 (D.N.J. Mar. 19, 2013) (quoting *In re Corestates Tr. Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993), *aff'd*, 39 F.3d 61 (3d Cir. 1994)). A motion to dismiss under Rule 12(b)(1) challenging the Court's subject matter jurisdiction asserts the Court lacks "authority or competence to hear and decide the case before it." *Northlight Harbor, LLC v. United States*, 561 F. Supp. 2d 517, 520 (D.N.J. 2008) (citing Charles Alan Wright & Arthur R. Miller, *5B Federal Practice and Procedure* § 1350 (3d ed. 2004)). It requires a plaintiff to bear the burden of pleading jurisdiction is appropriate. *Id.* at 521; *see also Wright v. N.J./Dep't of Educ.*, 115 F. Supp. 3d 490, 495 (D.N.J. 2015) ("It is well-settled that the plaintiff bears the burden of establishing subject matter jurisdiction . . . to defeat a motion under Rule 12(b)(1)."). In considering dismissal for lack of subject matter jurisdiction, a district court's focus is not on whether the factual allegations entitle a plaintiff to relief, but rather on whether the court has jurisdiction to hear the claim and grant relief. *See Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434, 445 (D.N.J. 2002) (citing *New Hope Books, Inc. v. Farmer*, 82 F. Supp. 2d 321, 324 (D.N.J. 2000)).

The court is tasked with determining "whether [it is] dealing with a facial or factual attack to jurisdiction." *United States ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).

A facial attack "is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because, for example," (1) "it does not present a question of federal law," (2) "there is no indication of a diversity of citizenship among the parties," or (3) "some other jurisdictional defect is present." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). The standard of review for a facial attack is the same as one "under

5

Rule 12(b)(6), i.e., construing the alleged facts in favor of the nonmoving party." *Id.* (citing *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)).

A factual attack, however, "concerns not an alleged pleading deficiency, but rather the actual failure of [a plaintiff's] claims to comport with . . . jurisdictional prerequisites." *United States ex rel. FLFMC, LLC*, 855 F. Supp. 2d at 304 (quoting *United States ex rel. Atkinson*, 473 F.3d at 514). Unlike a facial attack, no presumption of truthfulness attaches to a plaintiff's allegations. *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016)).

The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Davis*, 824 F.3d at 348. "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* at 350 (alteration in original) (quoting *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987)).

Here, Moving Defendants assert a facial 12(b)(1) challenge given they do not raise arguments concerning any of the underlying facts but rather focuses exclusively on deficiencies in the pleadings. *See Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

### C. Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint

6

attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Twombly*, 550 U.S. at 555 (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (quoting *Papasan*, 478 U.S. at 286). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint to allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled; it must include "factual enhancement" and not just conclusory statements or a "recitation of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). In assessing plausibility, the court may not consider any "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common

sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show the claim is facially plausible, allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 570). The Supreme Court's ruling in *Iqbal* emphasizes a plaintiff must show the allegations of his or her complaints are plausible. *See id.* at 670.

While, generally, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to* or *explicitly relied upon* in the complaint." *In re Burlington Coat Factory*, 114 F.3d at 1426 (emphasis added) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)). However, "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 30 F.4th at 342.

### III. DECISION

Judge Isabella argues "[g]iven the lack of new allegations," the Amended Complaint "fails to set forth any basis for subject matter jurisdiction" and should therefore be dismissed for the

same reasons set forth in this Court's April 30, 2025, Opinion and Order. (ECF No. 51-1 at 4.)[3] Judge Isabella asserts the "Amended Complaint actually contains less substantive allegations" than the Complaint, which this Court previously dismissed. (*Id.*; *see also* ECF No. 53-1 at 34 ("Astoundingly, the Amended Complaint actually contains less factual detail than the fatally flawed Complaint.").) Similarly, Trenk argues the Amended Complaint "lack[s] any factual substance" and presents only "labels and conclusions." (ECF No. 53-1 at 34, 36.) In response, Risis argues he adequately pleaded causes of action under federal law and points out that, "[t]o the extent any complaint deficiency exists, it can be cured by amendment." (ECF No. 55 at 3.) Trenk contends in his Reply letter Risis has not corrected any of the "glaring factual and legal failings of his dismissed original Complaint." (ECF No. 56 at 1.)

Federal courts have limited original jurisdiction under 28 U.S.C. § 1331 and § 1332, which provide for federal question jurisdiction and diversity jurisdiction, respectively. *See Trinh v. Off. of Recs. Phila.*, 779 F. App'x 118, 119–20 (3d Cir. 2019) ("In order to have subject matter jurisdiction, a District Court must be able to exercise either federal question jurisdiction or diversity jurisdiction."). An action is based on federal question jurisdiction where at least one cause of action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is

---

[3] The Judge Isabella Motion to Dismiss incorporates the arguments made in the Trenk Motion to Dismiss. (ECF No. 51-1 at 14 ("To the extent the Amended Complaint is not dismissed pursuant to any of the foregoing arguments, Defendant Isabella incorporates and joins in any additional arguments set forth by the remaining Co-Defendants.").) Likewise, the Trenk Motion to Dismiss incorporates the arguments made in the Judge Isabella Motion to Dismiss. (ECF No. 53-1 at 39 ("Defendant respectfully joins co-defendant . . . [Judge] Isabella . . . in support of his own *Motion to Dismiss* (ECF 51) the Amended Complaint. Defendant respectfully incorporates by reference any arguments raised therein which the Court may deem applicable to the instant Motion.").)

presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). In other words, the party asserting the court's jurisdiction bears the burden of explicitly pleading specific factual allegations in the complaint invoking that jurisdiction. *Trinh*, 779 F. App'x at 120; *see also Phila. Fed'n of Teachers v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998).

In the April 30, 2025, Opinion, this Court found there was "no basis to exercise subject matter jurisdiction over any of the claims because Risis fail[ed] to plead the requisite factual elements." (ECF No. 48 at 20.) "Risis's filings, including the Complaint and oppositions to the various motions, merely gesture[d] to constitutional law and federal statutes without citing specific provisions or language through conclusory statements about the Defendants' alleged transgressions lacking any specific timelines or acts." (*Id.*) Even in the section of the Complaint in which Risis attempted to outline his claims one by one against each Defendant, "Risis offer[ed] only a skeleton without any of the muscle that gives force or shape, as he fail[ed] to name any allegedly violated federal statutes, much less the time, place, or manner of any allegedly unlawful activities." (*Id.*) Ultimately, this Court found Risis's Complaint to be "wholly conclusory," "lacking in the necessary facts such as dates, times, contents of communications, and/or names of individuals involved beyond merely attaching exhibits and inviting the Court to go on a fishing expedition." (*Id.* at 21.) The Complaint could not "substantiate the alleged violations of law, much less satisfy the jurisdictional requirements." (*Id.*)

Here, the Amended Complaint suffers the same fatal flaw as the original Complaint—the failure to plead the requisite factual elements. The Amended Complaint still includes mere conclusory statements lacking any specific timelines or acts and does not set forth the time, place, or manner of any allegedly unlawful activities. (*See, e.g.*, ECF No. 50 ¶ 5 ("Defendants coordinated

through law firms, false documents, municipal influence, and fabricated court orders to strip the plaintiff of over $31 million in equity, businesses, and legal standing.").) Indeed, the Court agrees with the Moving Defendants the Amended Complaint contains less factual details than the original Complaint. (*Compare generally* ECF No. 50, *with* ECF No. 1.) Moreover, Risis's Opposition does not provide any additional detail or factual allegations.[4] (*See generally* ECF No. 55.) Further, although the Amended Complaint lists specific federal statutes[5] as well as the Fourteenth Amendment, merely listing those laws does not automatically establish federal question jurisdiction, as Risis has not plead the requisite factual elements in either the Amended Complaint or his Opposition. *See, e.g.*, *Gaskins v. Santorum*, 324 F. App'x 147, 149 (3d Cir. 2009) (determining appeal of District Court's dismissal of *pro se* complaint—which appeared to allege "the existence of a massive conspiracy of corruption"—lacked arguable legal merit, even when the complaint appeared to invoke specific federal statutes, because "[the] complaint contains neither elements of a cause of action nor facts that identify proscribed conduct"); *Hobson & Hobson v. Double Tree Suites by Hilton Phila.*, Case No. 2:20-cv-06362, 2021 WL 3260850, at *3 (D.N.J. July 30, 2021) (finding no federal question jurisdiction despite plaintiff specifically invoking a federal statute because the claim was facially frivolous). Violations of statutes that are mentioned in "passing," or merely referenced in the complaint without factual support, are not sufficient to raise a claim. *Alexis v. Sessions*, Civ. A. No. 18-2099, 2018 WL 5077899, at *2 n.1 (D.N.J. Oct. 18, 2018). While *pro se* pleadings are liberally construed, "*pro se* litigants still must

---

[4] Even if it did, "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.1984)).

[5] The "Claims for Relief" section of the Amended Complaint lists 18 U.S.C. §§ 1341, 1343, 1344, 1503, 1512, 1962 and 42 U.S.C. §§ 1983, 1985(3) 1986.

allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (emphasis added) (citation omitted).

As with the original Complaint, the Court finds the Amended Complaint to be wholly conclusory, lacking in the necessary facts such as dates, times, contents of communications, and/or names of individuals involved beyond merely referencing evidence and inviting the Court to go on a fishing expedition. Therefore, the Amended Complaint is still insufficient to satisfy the jurisdictional requirements.

The Court is not required to fill in the holes in a complaint replete with ill-defined, conclusory statements about alleged legal violations and will not rewrite the Complaint to present a more clear or logical factual narrative or legal argument than the one presented. *See Shah v. Blue Cross Blue Shield of Tex.*, Civ. A. No. 16-8803, 2018 WL 1293164, at *6 (D.N.J. Mar. 13, 2018) (noting a court will not rewrite a plaintiff's complaint to allow it to state a claim); *Miyayama v. Burke*, Civ. A. No. 20-01683, 2021 WL 6134361, at *3 (D. Nev. Dec. 29, 2021) ("While [the] [p]laintiff urges the Court to overlook [a] mistake and find the factual allegations sufficient to withstand a motion to dismiss, the Court has neither the time nor duty to rewrite [a] [p]laintiff's complaint."); *Teetz v. Bd. of Cnty. Comm'rs of Sedgwick Cnty. Kan.*, Civ. A. No. 22-1134, 2023 WL 7698030, at *5 (D. Kan. Nov. 15, 2023) ("The Court cannot consider new allegations made outside the Complaint. And the Court cannot rewrite [the] [p]laintiff's Complaint for him."). Indeed, although Risis is held to a less stringent pleading standard than that which would apply to attorney filings, *see, e.g.*, *Mala*, 704 F.3d at 244, "this more liberal construction does not absolve *pro se* litigants of the need to adhere to the Federal Rules of Civil Procedure[,]" *Cooke*, 2024 WL 1142214, at *2 (emphasis added).

Accordingly, Moving Defendants' Motions to Dismiss are **GRANTED**.[6] Because the Court finds it lacks jurisdiction, Risis's claims are also dismissed as to the Non-Moving Defendants, and the Township Motion to Dismiss (ECF No. 62) and the Gengaro Motion to Dismiss (ECF No. 63) are **DENIED** as moot. *See Risis*, 2025 WL 3123931, at *6 (dismissing Risis's claims against "Non-moving Defendants" and "Moving Defendants"). Risis shall have one final opportunity to cure the pleading deficiencies noted in this Opinion. Failure to file a second amended complaint within thirty days of this Opinion addressing such deficiencies will result in automatic dismissal of the Amended Complaint with prejudice. *See Risis*, 2025 WL 3123931, at *6.

### IV. CONCLUSION

For the reasons set forth above, Moving Defendants' Motions to Dismiss are **GRANTED**, and the Complaint is **DISMISSED** without prejudice and with leave to amend consistent with the guidance in this Opinion. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: December 10, 2025

---

[6] Although Moving Defendants raise several other grounds for dismissal, for purposes of judicial economy, the Court need not address them here.

13